| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**FOX ROTHSCHILD LLP**<br>1301 Atlantic Avenue<br>Midtown Building, Suite 400<br>Atlantic City, NJ 08401-7212<br>Michael J. Viscount, Esq.<br>Martha B. Chovanes, Esq.<br>Joseph J. DiPasquale, Esq.<br>Michael R. Herz, Esq.<br>mviscount@foxrothschild.com<br>mchovanes@foxrothschild.com<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>Telephone:  (609) 348-4515<br>Facsimile:  (609) 348-6834<br><br>*Counsel to the Official Committee of Unsecured Creditors* | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>                Plaintiff,<br><br>   v.<br><br>COMBINED METAL INDUSTRIES, INC.,<br><br>                Defendant. | ADVERSARY NO.<br><br><br><br>**COMPLAINT** |

The Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff") for Aluminum Shapes, L.L.C. (the "Debtor"), by and through its counsel, Fox Rothschild LLP, brings this adversary proceeding complaint against the Defendant and Creditor,

127807115.2

Combined Metal Industries, Inc. ("Combined Metal" or the "Defendant" or the "Creditor"), and states as follows:

**PRELIMINARY STATEMENT**

1. This adversary proceeding is commenced by the Committee, pursuant to §§ 506 and 544 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "Bankruptcy Code"), and Rules 7001(2) and (8) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This adversary proceeding arises from Combined Metal's failure to properly levy upon a judgment it obtained in the Superior Court of New Jersey, Camden County.

3. Combined Metal's failure to properly levy renders the Lien (defined below) created by that judgment avoidable pursuant to sections 506 and 544 of the Bankruptcy Code.

4. Accordingly, the Committee requests avoidance of the Lien, a determination that Combined Metal's claim is unsecured, and related relief.

**I.    PARTIES**

5. The Debtor, Aluminum Shapes, L.L.C., is a limited liability company doing business in New Jersey, with an address at 9000 River Road, Delair, New Jersey 08110.

6. Upon information and belief, Combined Metal is an Ontario, Canada corporation with an address at 454 Dobbie Drive, Cambridge, ON N1T 1S7.

7. The Committee is a statutory committee of unsecured creditors, which was appointed by the Office of the United States Trustee for Region 3 on September 1, 2021 pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 77]. The members of the Committee are: (i) Indigo Global, LLP; (ii) PSE&G; (iii) Nathan H. Kelman, Inc., (iv) Energy Power Investment Company, LLC (EPIQ); and (v) Southeastern Extrusion & Tool, Inc.

## II.   JURISDICTION AND VENUE

8.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), (H), (O), and (K).

9.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Sections 506 and 544 of the Bankruptcy Code.

10.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

11.   This adversary proceeding is initiated under Bankruptcy Rule 7001(2) and (8) for avoidance and recovery, determination of secured status, bifurcation, and related relief pursuant to sections 506 and 544 of the Bankruptcy Code.

12.   Pursuant to a stipulation between the Debtor and the Committee dated November 8, 2021, the Debtor has granted the Committee standing to assert the claims in this adversary proceeding against the Defendant.

13.   The Committee consents to the entry of a final order by this Court in the event that, absent such consent, this Court does not possess the authority to enter a final order pursuant to Article III of the Constitution.

## III.   BACKGROUND

### The Debtor's Business and Bankruptcy

14.   According to the Debtor's first day filings, the Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries (the "Business"). See First Day Declaration of Jordan Meyers in Support of First Day Motions. (Bkr. D.I. #17).

15.   The Debtor owns and operates a single location at 9000 River Road, Delair, New

Jersey, consisting of approximately 500,000 square feet of industrial space, including a cast house, foundry, and processing area (the "Real Property"). Id.

16. The Debtor also owns machinery, fixtures, and equipment, including a valuable cast house and foundry furnace, several presses, and processing equipment. Id.

17. On or about June 18, 2021, the Debtor engaged Cowen and Company, LLC ("Cowen") as investment banker to explore a sale of the Debtor's Business or Assets (as defined below).

18. The Committee understands that based on market feedback, the Debtor, in consultation with its advisors, determined that continued operation of Debtor's business was not viable or achievable under the current financial circumstances, and the Debtor decided to sell the Debtor's business or assets (the "Assets").

19. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court" or the "Court").

20. The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

21. No request has been made for the appointment of a trustee or examiner.

22. The Debtor has employed professionals to market and sell the Assets pursuant to a motion to sell, which sale will establish the fair market value of the Assets and the allocation of that value between specific Assets.

23. The Debtor's Assets will be sold pursuant to the outcome of an auction conducted on or about November 10, 2021.

24. As of the Petition Date, the Debtor had outstanding secured debt obligations in the

127807115.2

aggregate principal amount of no less than $9,270,525.89 (the "Prepetition Secured Debt") to its pre-petition secured lender, Tiger Finance, LLC ("Tiger"), pursuant to that Certain Credit Agreement between Tiger and the Debtor dated June 5, 2019 (as subsequently amended[1]), and term notes issued thereunder. The Prepetition Secured Debt was secured by a first priority lien on all of the Debtor's Assets.

25. On September 29, 2021, the Court entered a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507 and Fed. R. Bankr. P. 2002, 4001, 6003, 6004 and 9014 (I) Authorizing Debtor to Obtain Post-Petition Financing, (II) Granting Liens and Superpriority Claims, (III) Authorizing Use of Cash Collateral, and (IV) Modifying the Automatic Stay (the "Final DIP Order"). (Bkr. D.I. #116). Pursuant to the Final DIP Order, the Debtor was authorized to borrow up to $15,500,000 in debtor-in-possession financing (the "DIP Facility") from Tiger, including a roll-up of the Prepetition Secured Debt, pursuant to the term of a Senior Secured Super-Priority Debtor-in-Possession Credit Agreement between Tiger and the Debtor, dated August 15, 2021. As security for the DIP Facility, the Final DIP Order provided Tiger with superpriority claims secured by priming, first priority liens on all of the Debtor's Assets that are "senior and superior in priority to all other secured and unsecured creditors of the Debtor's estate." Final DIP Order at ¶ 6.

26. The instant proceeding is intended to *inter alia* avoid transfers to Combined Metal, determine the secured status of Combined Metal's claims, bifurcate claims, and determine the allowance of Combined Metal's claims, if any.[2]

---

[1] The Credit Agreement was most recently amended by a Seventh Forbearance Agreement and Seventh Amendment to Credit Agreement, dated July 27, 2021.

[2] The Debtor and the Committee have filed other adversary proceeding complaints contemporaneously herewith seeking to avoid certain other liens on similar grounds as set forth herein.

127807115.2

**The Creditor's Claims**

27.Upon information and belief, Combined Metal is a corporation that provides scrap metal recycling and management services.

28.Prior to the Petition Date, Combined Metal provided scrap metal recycling and management to the Debtor.

29.On September 4, 2020, Combined Metal initiated a collections action in the Superior Court of New Jersey, Camden County Docket Number L-2982-20, for all sums alleged to be due and owing on the underlying debt (the "Pre-Petition Action").

30.On February 16, 2021, a judgment was entered in the Pre-Petition Action in favor of Combined Metal and against the Debtor in the amount of $320,490.87 (the "Judgment").

31.Pursuant to New Jersey law, upon entry the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

32.On February 24, 2021, Combined Metal requested the issuance of a writ of execution based upon the Judgment (the "Writ"). A true and correct copy of the docket for the Pre-Petition Action is attached as **Exhibit "A"** hereto.

33.On March 1, 2021, the court issued the Writ.

34.Upon information and belief, Combined Metal failed to levy or otherwise execute on the Debtor's Assets.

35.Combined Metal did not file a proof of claim against the Debtor's Bankruptcy estate as of the filing of this adversary proceeding.

127807115.2

## FIRST COUNT

## AVOIDANCE OF THE LIEN UNDER 11 U.S.C. § 544

36. The Committee incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

37. Pursuant to section 544(a) of the Bankruptcy Code, the Debtor, as debtor-in-possession, stands in the shoes of a hypothetical creditor who obtains an execution against the Debtor that is returned unsatisfied on the Petition Date.

38. As noted above, the Debtor has granted the Committee standing to bring the claims asserted in this adversary proceeding.

39. Under New Jersey law, a creditor holding an unexecuted levy occupies a lower priority on real property than a creditor who has already executed upon its lien, even if such execution remains unsatisfied.

40. Although real property is subject to execution and levy, neither execution nor levy are automatic upon the entry of a judgment, and require additional affirmative acts for any lien to become perfected. N.J.S.A. § 2A:17-17.

41. A writ of execution is not binding until it is delivered to the sheriff of the appropriate county. See N.J.S.A. § 2A:17-10.

42. In execution of the Judgment, Combined Metal had the Writ issued. See **Exhibit "A"** attached hereto.

43. Despite these efforts to execute on the Judgment, Combined Metal has failed to both execute upon the Judgment and the Lien, and levy upon the Debtor's Assets.

44. As a result of Combined Metal's failure to both execute upon the Judgment and the Lien, and levy upon the Debtor's Assets, the Lien is lesser in priority to creditors with superior

priority interest in the Debtor's Assets, including creditors that have executed against the Real Property as of the Petition Date, even if unsatisfied.

45. Pursuant to sections 544(a)(1), (2) and (3) of the Bankruptcy Code, the Debtor is vested with the power of an unsatisfied judgment holder that has executed upon the Judgment and the Lien and levied upon the Assets, including the Real Property; and therefore, may avoid the Lien against the Debtor's Assets.

46. The Lien is an unperfected secured claim, and therefore, is avoidable.

**WHEREFORE**, the Committee respectfully requests this Court enter judgment in its favor and against Combined Metal, avoiding the Lien against the Debtor's Assets pursuant to section 544(a) of the Bankruptcy Code and providing such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### DETERMINATION OF SECURED CLAIM AND BIFURCATION OF CLAIM UNDER 11 U.S.C. § 506(a)(1)

47. The Committee incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

48. Pursuant to section 506(a) of the Bankruptcy Code, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of

127807115.2

such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C § 506(a)(1).

49. The Claim and Lien are subordinate to the superpriority claims and first priority liens in the Debtor's Assets held by Tiger.

50. To the extent that the Claim is an allowed secured claim, the Claim must be bifurcated into a secured claim in the amount of the value of that Debtor's Assets subject to the Lien after accounting for the value of Tiger's first priority liens and any other superior liens in the Debtor's Assets, and an unsecured claim for the remainder.

**WHEREFORE**, the Committee respectfully requests that the Court enter a judgment in its favor and against Combined Metal, bifurcating the Claim into secured and unsecured portions pursuant to section 506(a) of the Bankruptcy Code, and providing such further relief as the Court deems just and equitable.

### THIRD COUNT

### LIEN STRIP OF UNSECURED CLAIM UNDER 11 U.S.C. § 506(d)

51. The Committee incorporates by reference the foregoing paragraphs as if set forth fully herein and at length.

52. Pursuant to section 506(d)(1) of the Bankruptcy Code, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C § 506(d)(1).

53. To the extent the Claim is unsecured or not an allowed claim, this Court must enter a judgment voiding the Lien.

**WHEREFORE**, the Committee respectfully requests that the Court enter a judgment in its favor and against Combined Metal, voiding the Lien to the extent the Lien exceeds the value of

127807115.2

the allowed secured claim and providing such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: November 9, 2021 | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>**FOX ROTHSCHILD LLP**<br>*/s/ Joseph DiPasquale*<br>Joseph J. DiPasquale<br>Michael J. Viscount, Jr.<br>Martha B. Chovanes<br>Michael R. Herz<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

127807115.2